UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

                Plaintiff,

        -against-

CLERK OF COURT, United States District
Court for the Southern District of New York;
DISTRICT EXECUTIVE, United States District
Court for the Southern District of New York;
OFFICE OF THE DISTRICT EXECUTIVE /
ADA COORDINATION UNIT, SDNY,

               Defendants.

26-CV-0221 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently resides in Georgia and is proceeding *pro se,* has filed a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction. To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff brings this action against the Clerk of Court, the District Executive, and the "ADA Coordination Unit" of this court (collectively, "Defendants"), seeking an order enjoining Defendants and "their agents, employees, and all persons acting in concert with them" from

"requiring Plaintiff to participate in in-person, telephonic, or real-time video proceedings in any matter pending in the Southern District of New York, absent an individualized assessment and documented interactive process addressing Plaintiff's disability-related limitations." (ECF 4 at 1-2, ¶ 2.)

Plaintiff has numerous *pro se* actions pending in this court,[1] and he has in at least some cases requested accommodations. In *Moody v. Starbucks Corp.*, No. 25-CV-8739 (PAE) (BCM), for example, Magistrate Judge Moses denied Plaintiff's requests to be exempt from live proceedings, and Plaintiff has a pending motion asking the District Judge to vacate the Magistrate Judge's orders.[2] (ECF 44). This motion for a TRO and preliminary injunction thus, among other things, collaterally challenges judicial decisions about accommodations in his pending cases.

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause (ECF No. 4) is denied.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF No. 4) is denied.

---

[1] *See*, *e.g.*, *Moody v. Weimer*, No. 26-CV-0128 (LTS); *Moody v. Kijakazi*, No. 26-CV-109 (LTS); *Moody v. United States Postal Serv.*, No. 25-CV-9790 (LTS); *Moody v. The Mount Sinai Hosp.*, No. 25-CV-8859 (UA); *Moody v. Cigna Health and Life Ins. Co.*, No. 25-CV-10720 (UA); *Moody v. N.Y. Institute of Technology*, No. 25-CV-8739 (MMG) (SN); *Moody v. Sedgwick Claims Mgmt. Svcs., Inc.*, No. 25-CV-8671 (JHR); *Moody v. Unum Grp*, No. 25-CV-9787 (LTS).

[2] Magistrate Judge Moses noted in her January 5, 2026 order, *Moody*, No. 25-CV-8739 (ECF 36 at 1), that although the court strives to provide reasonable accommodations, "[t]he Americans with Disabilities Act does not apply to the Court. *See* 42 U.S.C. § 12131; *McDowell v. McDonough*, 2024 WL 4751692, at *2 (W.D.N.Y. Oct. 8, 2024) ("[B]y definition, Title II of the ADA does not apply to the federal government or an agency, such as the federal courts.")."

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 14, 2026
          New York, New York

                        /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
              Chief United States District Judge