UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-against-

CLERK OF COURT, United States District Court for the Southern District of New York; DISTRICT EXECUTIVE, United States District Court for the Southern District of New York; OFFICE OF THE DISTRICT EXECUTIVE, ADA COORDINATION UNIT, SDNY,

Defendants.

26-CV-0221 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, resides in Dacula, Georgia.[1] He brings this action against the Clerk of Court and District Executive of the United States District Court for the Southern District of New York (SDNY), both in their official capacities. He also sues the "Office of the District Executive ADA Coordination Unit." Plaintiff brings this action under the Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 *et seq*., and the Due Process Clause of the Fifth Amendment, seeking to enjoin Defendants from denying him accommodations in his actions pending in this court.

By order dated January 14, 2026, Chief Judge Swain denied Plaintiff's motion for a temporary restraining order and preliminary injunction. For the reasons set forth below, the Court dismisses the action.

[1] By order dated July 13, 2026, the court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff alleges that he suffers "neurological and vestibular impairments" from complications of surgery. (ECF 1 at 3.) He asserts that these impairments substantially limit his ability to participate in synchronous proceedings, whether in person, on the phone, or by video. (*Id.*) He contends that only "[w]ritten, asynchronous participation" is medically safe for him. (*Id.*)

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff alleges that he requested accommodations from Defendants but they "disclaim[ed] authority to grant the requested accommodations" on the grounds that these were "case-management decisions" solely within judicial discretion. (*Id.*) He contends that he is "subject to ongoing denial of meaningful access to SDNY court services." (*Id.* at 4.)

## DISCUSSION

### A. Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In turn, "public entity" is defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131. As these definitions reflect, "Title II of the ADA is not applicable to the federal government." *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000). Thus, "[w]hile the [ADA] requires state courts to make disability accommodations, the ADA does not apply to federal courts." *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012); *Moore v. United States*, 2022 WL 1104986, *1 n.1 (W.D.N.Y. 2022) ("[B]y definition, Title II of the ADA does not apply to the federal government or an agency, such as the federal courts.").[3]

[3] Plaintiff relies on *Tennessee v. Lane*, 124 S. Ct. 1978 (2004), but that action involved claims that plaintiffs were denied physical access to the state courts of Tennessee in violation of Title II of the ADA.

Plaintiff brings this action against executives within the federal judiciary in their official capacities and a unit of the federal district court. Because the ADA is not applicable to the federal courts, Plaintiff's claims under the ADA must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has not invoked the Rehabilitation Act, which also protects against disability discrimination, but the Court addresses it because the Rehabilitation Act applies to programs or activities "receiving Federal funding assistance" 29 U.S.C. § 794(a). Like the ADA, however, "the Rehabilitation Act does not apply to federal courts." *Cruz v. Sannes*, No. 1:26-CV-00441 (AMN) (DJS), 2026 WL 1533215, at *2 (N.D.N.Y. June 1, 2026); *Davidson v. Jud. Council of the Second Cir.*, No. 25-CV-1226 (LLS), 2026 WL 901338, at *2 (S.D.N.Y. Mar. 26, 2026) ("[P]rograms and activities of the federal judiciary are not covered, and therefore not bound, by the Rehabilitation Act"). The Rehabilitation Act defines "program or activity" to include, among other things, "operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government," but not of a federal government. *Davidson*, 2026 WL 901338, at *2 (quoting 29 U.S.C. § 794(b)). The Court therefore declines to grant Plaintiff leave to amend his complaint to include claims under the Rehabilitation Act.

**B. Due Process Claims**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies and individual federal officers in their official capacities, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against

the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff contends that the actions of the Clerk of Court, District Executive, and ADA Coordination unit of the District Executive's Office of the SDNY arbitrarily denied him access to the courts, in violation of his rights under the Fifth Amendment's Due Process Clause, and that he lacked any post-deprivation remedy. Plaintiff has not identified any waiver of sovereign immunity that applies to his claims against these federal officers in their official capacities and unit of the federal judiciary, and the Court therefore concludes that sovereign immunity bars his claims.

Even if Plaintiff could identify some basis for a waiver of sovereign immunity for injunctive relief against Defendants, the allegations of the complaint do not state a claim for a violation of due process. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth . . . Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012).

Plaintiff can seek accommodations from the judges presiding over his actions, as he has done. In *Moody v. Starbucks Corp.*, for example, which is one of the 22 actions that Plaintiff has filed in this court since October 2025, Magistrate Judge Moses denied Plaintiff's motion to cancel the scheduling conference, reasoning as follows:

> Plaintiff's third request is that he be permitted to participate in this action 'exclusively through written submissions and written orders,' due to an unspecified disability. Mot. at 3. This request is DENIED because plaintiff . . . has not presented any evidence that he is unable to discharge the ordinary

> responsibilities of a pro se litigant, including appearing for in-person or remote proceedings when and as scheduled by the Court. . . .

25-CV-8739 (PAE) (BCM) (S.D.N.Y. Dec. 30, 2025) (ECF 32 at 1). Plaintiff had numerous remedies available to him if he disagreed with that determination, such as seeking reconsideration of this decision and providing evidence why he cannot appear remotely or by telephone, or obtaining counsel to appear on his behalf. Because Plaintiff has an opportunity to be heard by raising his requests for accommodations in his pending actions, he is not deprived of a protected interest without due process. Moreover, Defendants lack any role in overriding the decisions of the presiding district and magistrate judges. The Court therefore dismisses Plaintiff's Fifth Amendment due process claims against Defendants based on sovereign immunity and for failure to state a claim on which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

**C. Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

In addition, the Court has reviewed Plaintiff's pending motions (ECF 8-13, 15) and denies the motions as no relief is warranted.

**D. Warning**

Plaintiff has been repeatedly sanctioned for his "practice of filing repetitive, non-meritorious motions," including filing such motions immediately after being warned not to continue doing so. *Moody v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 25-CV-10720 (JHR), 2026

WL 1991218, at *1 (S.D.N.Y. July 9, 2026); *Moody v. Nelnet, Inc.*, No. 26-CV-0012 (LTS), 2026 WL 1300099, at *1 (S.D.N.Y. May 12, 2026) ("The Court hereby bars Plaintiff from filing future submissions in these three actions . . . ."); *Moody v. Emory Healthcare, Inc.*, No. 26-CV-1478 (LTS), 2026 WL 976580, at *2 (S.D.N.Y. Apr. 8, 2026) (ordering plaintiff to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint), *appeal filed* (2d Cir. Apr. 17, 2026).

Rule 11 of the Federal Rules of Civil Procedure requires a plaintiff, including one who proceeds *pro se*, to make a good faith determination that the factual and legal contentions in a pleading are warranted. The Court advises Plaintiff that non-meritorious motions filed after this action is closed will be denied summarily.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

The Court directs the Clerk of Court to terminate all pending motions and enter judgment dismissing this action.

Dated: July 15, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.